IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LAURIE D. LARSEN,                )
                                        )
        Plaintiff,               )    TC-MD 120180C
                                          )
        v.                         )
                                        )
MULTNOMAH COUNTY ASSESSOR,   )
                                        )
        Defendant.          )   **DECISION**

Plaintiff appealed the real market value of property identified in the Multnomah County Assessor's records as account R498892 (subject property) for the 2011-12 tax year. A trial by telephone was scheduled in the above-entitled matter, to be held October 22, 2012, at 9:00 AM. Plaintiff appeared on her own behalf. Defendant was represented by Barry Dayton and Jeff Brown, appraisers with the Multnomah County Assessor's office.

At the case management conference, held May 24, 2012, the court discussed with the parties the applicable exhibit exchange deadlines and Tax Court rules pertinent to the submission of evidence. The Notice of Hearing also noted the exchange deadlines.

Prior to the commencement of trial, the court informed the parties that the court had received three exhibits from Defendant, including a value estimate of the subject property, and no exhibits from Plaintiff. Plaintiff stated she submitted her exhibits to Defendant but not the court; Plaintiff noted the error was "her fault," and was due to her lack of awareness of the court's exchange rules. Plaintiff also advised the court that she submitted her exhibits to the court by facsimile just prior to the trial, without first requesting permission to do so.

The court reviewed several problems with Plaintiff's submission of exhibits. First, Plaintiff failed to send a copy of all of her exhibits to the court prior to trial. Second, Plaintiff

submitted her exhibits to the court by facsimile without first obtaining the "prior approval" of the magistrate, as required by TCR-MD 10 C (2). Third, Plaintiff did not *timely* file the exhibits in accordance with Tax Court Rule-Magistrate Division (TCR-MD) 10 C (1),[1] which requires that exhibits be either postmarked 14 days before trial or physically received at least 10 days before trial. Plaintiff noted that court staff stated she needed to request approval, and that she had done so at approximately the time the trial was scheduled to commence (*i.e.*, on or about 9:00 AM). TCR-MD 10 C requires that each party "provide the *court* and the other parties with copies of all exhibits to be introduced into evidence in support of that party's case." (Emphasis added.) Plaintiff acknowledged that she did not send her exhibits to the court before the trial because she thought Defendant would submit to the court the exhibits she provided to it.

After reviewing those procedural missteps, Plaintiff stated that she "assume[d] the hearing [wa]s over." The court queried Plaintiff as to how she might move forward with trial and demonstrate a lower real market value without any evidence. Plaintiff responded that she had her exhibits, consisting of two separate independent fee appraisals; she wondered why those documents could not be used to set the value of the property, or at least result in a "split" between her claimed value and the value currently on the assessment and tax rolls. The court asked Defendant's representatives if they felt any reduction in the real market value was warranted based on one or both of Plaintiff's appraisals, which the court had not seen up to that point. One of Defendant's representative stated that they did not feel a reduction in the real market value was in order. The court was not surprised by that response because Plaintiff had advised the court that Defendant's original value was based on an appraisal that had been made

/ / /

---

[1] All references to the Tax Court rules are to the rules in effect as of March 16, 2012.

for the bank, which had been the owner of the property prior to Plaintiff's December 2010 purchase. That value is very close to Defendant's trial value.

The court denied Plaintiff's request to admit exhibits not properly filed or submitted to the court prior to trial. Because Plaintiff failed to comply with the court's rules regarding the submission and exchange of exhibits, and as a result had no evidence to present at trial, no trial was held. Without any evidence of value, the court cannot make a well-reasoned determination of the real market value of Plaintiff's property as of the assessment date. Now, therefore,

The court concludes that Plaintiff has failed to meet her statutory burden of proof, per ORS 305.427,[2] and that per ORS 305.412, the values currently on the assessment and tax rolls should be sustained. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied and that, for the 2011-12 tax year, the real market value of the subject property, identified as account R498892, shall remain undisturbed at $1,591,840.

IT IS FURTHER DECIDED that there shall be no change to the maximum assessed value of $2,200,150 for tax year 2011-12 for the property identified as account R498892.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

IT IS FURTHER DECIDED that the assessed value shall remain unchanged at $1,591,840, per ORS 308.146(2), for tax year 2011-12 for the property identified as account R498892.

Dated this ___ day of November 2012.

_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on November 5, 2012. The Court filed and entered this Decision on November 5, 2012.*